Alex R. Straus (Cal. Bar No. 321366)
alex@gregcolemanlaw.com
**GREG COLEMAN LAW PC**
16748 McCormick Street
Los Angeles, CA  91436
T:   917-471-1894

Daniel K. Bryson*
Martha Geer*
Harper T. Segui*
**WHITFIELD BRYSON LLP**
900 W. Morgan Street
Raleigh, NC 27603
T: 919-600-5000
dan@whitfieldbryson.com
martha@whitfieldbryson.com
harper@whitfieldbryson.com

*Attorneys for Plaintiff*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUSTIN MEARS**, on behalf of himself and all others similarly situated,<br><br>**Plaintiff**,<br><br>v.<br><br>**ALL-CLAD METALCRAFTERS, LLC**, and **GROUPE SEB USA, INC.**,<br><br>**Defendants.** | **CASE NO.**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**1. BREACH OF EXPRESS WARRANTY**<br>**2. BREACH OF IMPLIED WARRANTY**<br>**3. UNJUST ENRICHMENT**<br>   **(In the Alternative)**<br>**4. VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW, Cal. Bus. & Prof. Code § 17500, *et seq.***<br>**5. VIOLATION OF CALIFORNIA LEGAL REMEDIES ACT, Cal. Bus. & Prof. Code § 1750, *et seq.***<br>**6. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, Cal. Bus. & Prof. Code § 17200, *et seq.***<br>**7. NEGLIGENT FAILURE TO TEST**<br>**8. NEGLIGENT FAILURE TO WARN**<br>**9. STRICT LIABILITY – DEFECTIVE DESIGN AND/OR MANUFACTURE** |

1

CLASS ACTION COMPLAINT

**CLASS ACTION COMPLAINT**

Plaintiff Justin Mears ("Plaintiff" or "Mr. Mears"), by and through undersigned counsel, on behalf of himself and all others similarly situated, brings this Class Action Complaint against All-Clad Metalcrafters, LLC and Groupe SEB USA, Inc. (collectively "All-Clad" or "Defendants") and in support allege, upon information and belief and based on the investigation to date of their counsel, as follows:

**NATURE OF ACTION**

1.      All-Clad is one of the largest cookware companies in the United States. It designs, manufactures and sells a variety of metal crafted products, including kitchen appliances, bakeware, kitchen tools, and cookware.

2.      All-Clad's bonded cookware portfolio includes pots, pans, skillets, and "sauciers." Its D3, D5® and LTD[1] Stainless Steel Collections ("Cookware" or the "Products"), which are the subject of this action, are among All-Clad's top selling products. On its website, All-Clad boasts that "All-Clad bonded cookware is handcrafted in Canonsburg, Pennsylvania, with American-made steel--the same way it was four decades ago. It is widely sought after by the world's top chefs and passionate home cooks."[2] Over the course of those four decades, All-Clad has gained the trust of consumers, who reasonably believe that All-Clad products are made with quality materials, and that the All-Clad products can be used safely, as intended and marketed.

3.      The Cookware, as described by All-Clad, is "[c]ompatible with all cooktops," including or otherwise optimal for induction.[3]  All-Clad further represents that its "unparalleled level

---

[1] D3, D5, and LTD Cookware is often identified or referred to as d3, d5, and ltd by All-Clad and retailers.
[2] https://www.all-clad.com/Cookware/c/cookware_category (last accessed April 1, 2020).
[3] https://www.all-clad.com/Collections (last accessed April 1, 2020).

CLASS ACTION COMPLAINT

of durable craftsmanship and performance is guaranteed to last a lifetime."[4]

4.    All-Clad offers several collections of multi-ply constructed cookware, including the D3, D5, and LTD Stainless Steel Collections.  The designs of the Cookware are substantially similar and the three are the subject of this class action lawsuit.

5.    The stainless-steel Cookware is uniformly marketed, labeled, and represented to consumers as being conveniently dishwasher-safe, to make clean-up easier for consumers.  In fact, on its website, All-Clad represents its stainless-steel cookware as "completely dishwasher-safe,"[5] even including a picture on its website of this cookware inside of a dishwasher for consumers to further appreciate the convenience of this dishwasher-safe feature.[6]



6.    All-Clad goes even further by advising consumers that "[i]t is recommended that before you use your Stainless Steel All-Clad you wash it in the dishwasher first to remove any manufacturing residues and this will help to keep it shiny."[7]

7.    The cost of a single piece of the Cookware is between $80.00 and $500.00 MSRP, and the cost of an entire set is priced as high as $1,600.00 MSRP.

---

[4] Exhibit A (Limited Lifetime Warranty).
[5] https://www.all-clad.com/search?%21q=&text=dishwasher (FAQs)(last accessed April 1, 2020).
[6] https://www.all-clad.com/c/D5-Stainless-3-Qt-Essential-Pan-/p/8701005595 (last accessed April 1, 2020).
[7] *Id.*

CLASS ACTION COMPLAINT

8.      As more fully described below, every piece of the Cookware contains a common defect that makes it unreasonably dangerous, as during the approved dishwasher cleaning, the second layer of aluminum deteriorates away from the already razor thin stainless steel top layer (cooking surface), leaving this top layer protruding from the Cookware and creating a condition too sharp for human contact, and unsuitable for its intended use  ( "Defect").

9.      Accordingly, the Cookware is unreasonably dangerous and not fit for household use.

10.     The Defect and its damage to the Cookware is not a result of consumer misuse or error. Ordinary, foreseeable, and even recommended use of the dishwasher to clean the Cookware can cause the aluminum to deteriorate in a way which creates a sharp, hazardous condition, and renders the Cookware too unsafe to use.

11.     All-Clad has undertaken a deliberate and willful pattern of  conduct (including taking active measures) aimed at concealing the Cookware Defect from its  consumers, including the Plaintiff.

12.     At all relevant times, All-Clad knew or should have known about the Defect but nevertheless marketed, advertised, and sold the Cookware without warning consumers that the Cookware is likely to deteriorate in the dishwasher causing the top stainless steel layer to become nearly razor sharp, leaving it in a hazardous condition, and unsuitable for safe cooking or cleaning.

13.     Indeed, rather than providing consumers with new, non-defective Cookware after it has deteriorated and became hazardous to use, All-Clad either replaced the Cookware with the same or similarly defective Cookware, improperly denied the warranty claim, and/or instructed the consumer to stop using citrus or acidic-based detergent in the dishwasher. Thus, All-Clad failed to disclose the known Defect or provide the customer with a non-defective, dishwasher safe replacement product.

14.     The replacement Cookware also fails, or is likely to fail in the same manner, leaving

CLASS ACTION COMPLAINT

consumers fearful of unsafe, sharp edges, or unable to clean the Cookware in the dishwasher, as was advertised and intended.

15.    As a direct and proximate result of All-Clad's concealment of the Defect, its failure to warn customers about the Defect before their purchase of the Cookware, and its failure to recall the Product, remedy the Defect, or provide warnings, proper care and usage instructions, Plaintiff and other similarly situated customers ("Class" or "Class Members") purchased and used All-Clad's defective Cookware.  Plaintiff and Class Members were unaware of the Defect at the time they purchased the Cookware.  Had Plaintiff and Class Members known the Cookware contained a defect rendering it unable to be washed in a dishwasher without causing damage to the Cookware, they would not have purchased the Cookware or would have paid substantially less for the Cookware.

16.    Plaintiff and putative Class Members' Cookware have failed (or are likely to fail) as a result of the Defect when Plaintiff and Class Members use the Products as intended, resulting in damage to the Cookware, and leaving it unsuitable for safe cooking or cleaning.

17.    Plaintiff and all putative Class Members' Cookware contain the same Defect at the point of sale, and pose substantially the same safety risk to Plaintiff, Class Members, consumers, and the public. All-Clad's Cookware cannot be used safely for its intended purpose of preparing meals at home after cleaning the Cookware in the dishwasher as represented.

## **PARTIES**

18.    Plaintiff Justin Mears is a resident and citizen of San Francisco, California.

19.    Defendant All-Clad Metalcrafters, LLC is a Delaware corporation with its principal place of business located in Canonsburg, Pennsylvania.

20.    Defendant Groupe SEB USA, Inc. is a Delaware corporation with its principal place of business located in Millville, New Jersey.

21.    Defendants All-Clad Metalcrafters, LLC and Groupe SEB USA, Inc. design,

CLASS ACTION COMPLAINT

construct, manufacture, distribute, advertise, market, direct the marketing and advertising of, and sell the Cookware in California, and throughout the United States.

22.     At all times relevant herein, both Defendants jointly transacted and conducted business in California and continue to do so today.

23.     Defendants are the agents and/or alter egos of each other and the corporate interests of Defendants have merged so that they, in effect, have operated as one and the same entity for the purpose of designing, constructing, manufacturing, distributing, advertising, marketing, directing the marketing and advertising of, and selling the Cookware.

24.     Defendants used, commingled, and combined their resources to design, construct, manufacture, distribute, advertise, market, and sell the Cookware.

25.     At all times relevant herein, Defendants engaged in actual and/or *de facto* joint ventures in relation to the Cookware operations.

## JURISDICTION AND VENUE

26.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because: (1) there are one hundred or more (named or unnamed) class members, (2) there is an aggregate amount in controversy exceeding $5,000,000.00, exclusive of interest and costs, and (3) there is minimal diversity because Plaintiff and Defendants are citizens of different States.

27.     This Court may exercise personal jurisdiction over Defendants because Defendants do substantial business in this State and within this District, receive substantial compensation and profits from the marketing, distribution, and sales of product in this District, and have engaged in the unlawful practices described in this Complaint in this District.

28.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

CLASS ACTION COMPLAINT

**COMMON FACTUAL ALLEGATIONS**

29.    All-Clad has been a household name that consumers and professionals have relied upon for safe, quality cooking for more than 40 years.  Beginning in 1967 as a "small metallurgical company [Clad Metals] that specialized in formulating bonded metals for a variety of industries," All-Clad Metalcrafters was eventually established just four years later in 1971.[8]    At that time, All-Clad "began producing professional quality bonded cookware for working chefs and avid home cooks."[9]

30.    According to the company's website, "[t]he brand flourished as early adopters realized the cookware's extraordinary properties and exemplary cooking performance," and further, that "[i]t is still widely sought after by the world's top chefs and passionate home cooks."[10]

31.    Upon information and belief, All-Clad was the first to design, patent, and manufacture multi-ply constructed stainless steel cookware, including the D5 Cookware[11] and possibly the D3 and LTD Cookware.

32.    Currently, All-Clad sells the Cookware through hundreds of authorized retailers across the country, including online retailers such as Amazon.com, Williams-Sonoma, Bed Bath & Beyond, Bloomingdale's, Crate & Barrel, cutleryandmore.com, Kitchen Kapers, Macy's, Metro Kitchen, Sur la Table, The Cook's Warehouse, and Wayfair.

33.    In selling and distributing its Cookware, All-Clad represents it possesses the following notable features and specifications:[12]

- Dishwasher Safe;

---

[8] https://www.all-clad.com/About/history (Last Accessed April 13, 2020).

[9] *Id.*

[10] *Id.*

[11] https://www.all-clad.com/Collections (Last Accessed April 13, 2020) ("The only cookware of its kind, All-Clad D5 Brushed offers a patented technology with five alternating layers of stainless steel and aluminum…").

[12] https://www.all-clad.com/Collections (Last Accessed April 13, 2020).

CLASS ACTION COMPLAINT

- Multi-Ply, Bonded Stainless Steel Construction; and

- 18/10 Stainless Steel Top Layer (Cooking Surface), followed by a Second Aluminum Layer.

| D3 | |
|---|---|
| D5 | |

CLASS ACTION COMPLAINT

34.     All-Clad represents to consumers that this cookware is "completely dishwasher safe."[13] All-Clad further advises consumers that "[i]t is recommended that before you use your Stainless Steel All-Clad you wash it in the dishwasher first to remove any manufacturing residues and this will help to keep it shiny."[14]

35.     In addition, All-Clad advertises its stainless-steel Cookware with a photograph of the Cookware in a dishwasher, with a representation that its dishwasher safe feature is "**Convenient**" (shown with a bold heading) and claims that the Cookware is "made with quality materials for a lifetime of beauty and performance."[15] Each of the All-Clad Cookware pieces and collections is represented similarly.[16]

---

[13] https://www.all-clad.com/search?%21q=&text=dishwasher (FAQs)(last accessed April 13, 2020); *see also* Exhibit A.

[14] *Id.*

[15] https://www.all-clad.com/c/D5-Stainless-3-Qt-Essential-Pan-/p/8701005595 (last accessed April 13, 2020).

[16] *E.g.,* https://www.all-clad.com/Cookware/D3-Compact-5-Piece-Set/p/8400001921 (last accessed April 13, 2020) ("Dishwasher safe for extra convenience.").



36.     All-Clad is engaged in the business of designing, constructing, manufacturing, warranting, marketing, advertising, distributing, and selling the Cookware.  All Cookware is branded with the "All-Clad" logo just under the Cookware handles and is visually recognizable as such.

37.     The Cookware is used, and is intended by All-Clad to be used, for safe food preparation.  It is marketed, labeled and promoted as dishwasher safe for convenient and low maintenance cleaning.

38.     In fact, the representation that the Cookware is dishwasher safe is so prevalent in All-Clad's marketing that it appears in the following locations:

(a)     Cookware packaging;

(b)     Use and Care Manuals and Instructions;

(c)     On the All-Clad Website in numerous locations, including *inter alia*:

i.   Stainless Steel Cookware Brochures;

ii.  Stainless Steel FAQs; and

iii.  On individual piece and multi-piece specifications;[17]

---

[17] *E.g.* https://www.all-clad.com/Cookware/Fry-Pans/D3-Stainless-12%22-Fry-Pan-with-Lid/p/8701005165; and https://www.all-clad.com/Cookware/D3-Compact-5-Piece-Set/p/8400001921. (Last Accessed April 13, 2020).

CLASS ACTION COMPLAINT

(d)     On authorized retailer websites, including in the *product title* itself, and also, *e.g.* in the product descriptions: "CONVENIENT AND LOW MAINTENANCE: All items included are dishwasher safe."[18]

39.     The Cookware Collections have multiple pieces that are all designed and constructed with multi-ply stainless steel construction, most notably with a top surface layer of 18/10 stainless steel followed by a second layer of aluminum.

40.     Each piece in the Cookware Collections contains the same Defect that renders it unreasonably dangerous, not fit for cooking and household use, and not safe for dishwashing.

41.     Expert investigation has revealed that the top layer of stainless steel (the cooking surface) of the Cookware is too thin, and when coupled with a second layer of aluminum that corrodes during any dishwasher cleaning, a hazardous condition is created.

42.     Specifically, the top layer of stainless steel begins as only 0.012 of an inch (four human hairs in thickness) when the steel/aluminum laminate for the Cookware is initially procured. When the steel/aluminum laminate sheet is deep-drawn into the shape of a pot or saucepan the thickness of the steel top layer at the edge is thinned further. When the edge of the Cookware is squared off and buffed down the edge of the top stainless steel layer is reduced yet more to approximately 50 microns, or 0.002 of an inch (approximately half of a human hair in thickness).

43.     The second layer of aluminum is much thicker than the top layer of stainless steel. When immersed with the stainless steel in the dishwashing detergent, the aluminum and steel form a galvanic couple that produces accelerated etching and corrosion of the aluminum. As the aluminum corrodes away from the layers of stainless steel, what remains at the top is the 0.002 of an inch thin stainless steel layer protruding above the aluminum layer of the Cookware. Consequently,

---

[18] https://www.amazon.com/stores/node/2581965011?_encoding=UTF8&field-lbr_brands_browse-bin=All-Clad&ref_=bl_dp_s_web_2581965011 (Last Accessed April 8, 2020).

the thin, sharp top layer of stainless steel becomes an unreasonably dangerous condition for consumers trying to handle the Cookware, including as it is intended.

44.    Consequently, the top two layers of the Cookware are poorly selected, designed, constructed, and combined in a manner that leaves the Cookware *not* dishwasher safe.

45.    The Defect leads to the Cookware developing razor sharp edges that protrude from the top layer of the Cookware, and which are unavoidably dangerous to the human touch.

46.    Exemplar cross-sections show the etching and loss of aluminum in the second and fourth layers of a D5 sample:



1. Stainless
2. Aluminum

3. Stainless
4. Aluminum

5. Stainless

47.    Likewise, the cross-sections of a D5 sample as photographed below shows how the corrosion of the second and fourth aluminum layers (black) has caused them to pull away from the three stainless steel layers (grey), leaving protruding, sharpened stainless steel edges.

CLASS ACTION COMPLAINT





CLASS ACTION COMPLAINT

48.     Often when consumers contact All-Clad about the sharpened edges and deteriorated condition of their Cookware, All-Clad represents that citrus based dishwasher detergents are the cause of the problem.

49.     However, as all dishwashing detergents contain some degree of salt (a corrosive agent), the Cookware will deteriorate when cleaned in a dishwasher using any detergents.  Thus, the Cookware is simply not dishwasher safe as represented by Defendants.

50.     All-Clad's purported metallurgy and metal bonding experts who designed and constructed the Cookware knew or should have known that the combination of the thin stainless steel top layer coupled with the aluminum would result in unreasonably dangerous conditions when cleaned with any dish detergent in a dishwasher.

51.     Alternate designs for the Cookware exist which would have prevented the unreasonably dangerous condition created by the Defect, including the use of thicker stainless steel on the top layer (cooking surface) and use of a non-corrosive material for the second layer.

52.     Further, All-Clad had the obligation to provide the proper warning for dishwasher use, and otherwise modify its packaging, care and use instructions, brochures, FAQs, and retailer representations to warn that the Cookware is not dishwasher safe, and should be handwashed to reduce the likelihood that the Defect will result in an unreasonably dangerous condition.

53.     All-Clad expressly and impliedly warranted, via packaging, authorized retailer promotion, user manuals, advertisements, brochures, samples, and/or models, that the Cookware is fit for the ordinary purpose for which such goods are sold.

54.     All-Clad expressly warrants in its Limited Lifetime Warranty ("the Warranty") that the Cookware "will be free from defects in material, construction, or workmanship for the lifetime of the product under normal use and following care instructions."  Exhibit A.

14

CLASS ACTION COMPLAINT

55.     The Defect renders the Cookware unfit for the ordinary purpose for which it is used, and it cannot be cleaned as All-Clad represents or the consumer desires.

56.     As a result of the Defect, the Cookware poses an unreasonable risk of harm to consumers and their property, including consumers' dishwashers and cabinetry as the edges become sharpened.

57.     Had Plaintiff, Class Members, and the consuming public known that the Cookware was defective, posed an unreasonable risk of harm to themselves and their property, and would cause damage, they would not have purchased the Cookware or would have paid substantially less for it.

58.     As a direct, proximate, and foreseeable result of the Defect, Plaintiff and Class Members suffered damages, including but not limited to: (a) the difference in value of the Cookware as warranted and the Cookware received; (b) loss of use of the Cookware; (c) property damage; and (d) consequential damage.

## PLAINTIFF'S FACTS

59.     Beginning in the fall of 2015, Plaintiff Justin Mears became interested in purchasing new dishwasher safe cookware for cooking at home.  Consequently, Plaintiff performed internet research, including visiting all-clad.com and reviewing product reviews on the All-Clad website, as well as reading the product information and product reviews on Amazon.com.  Based upon the representations by All-Clad that the D3 Cookware Collection was made for quality, even cooking and, specifically and particularly, that it was dishwasher safe, Plaintiff chose to purchase several pieces of D3 Cookware from authorized retailer, Amazon.com, between 2015 and 2018.  The total cost of the Cookware he purchased was approximately $890.00, having been purchased more specifically as follows.

60.     On October 31, 2015, while at home, Plaintiff purchased a 12-inch, D3 stainless steel "Dishwasher Safe Fry Pan with Lid/Cookware" from the All-Clad authorized retailer, Amazon.com.

CLASS ACTION COMPLAINT

The cost of the single fry pan was $119.95.

61.     On November 7, 2015, while at home, Plaintiff purchased a 6-Quart, D3 stainless steel "Dishwasher Safe Sauté Pan with Lid/Cookware" and a 3-Quart, D3 stainless steel "Dishwasher Safe Sauté Pan with Lid/Cookware" from Amazon.com.  The cost of the two sauté pans was $377.89.

62.     On January 26, 2018, while at home, Plaintiff purchased a 12-Quart, D3 stainless steel "Dishwasher Safe Stockpot with Lid/Cookware" from Amazon.com.  The cost of the stockpot was $389.95.

63.     Upon receipt of his Cookware, Plaintiff began to use it as it was intended to be used.  From the time of purchase until the incident described below, Plaintiff used the Cookware as intended, cleaning it in the dishwasher in accordance with the use and care instructions, and otherwise maintaining it in a reasonable manner as an owner of cookware.

64.     On or about October of 2019, Plaintiff cut his finger on one of the pieces of Cookware.  Upon inspection, Plaintiff noticed deterioration of the "middle layer" aluminum, leaving thin sharp edges.

65.     Although Plaintiff began to use the Cookware more cautiously, he unavoidably cut his fingers several more times.  Consequently, Plaintiff has ceased using his cookware as it has become too dangerous to use even when using additional precautions.

66.     After Plaintiff noticed the same unreasonably sharp condition was present on each piece of his D3 Cookware, Plaintiff performed research online and discovered numerous other consumers reporting the same or similar incidences.

67.     Given that the All-Clad products were still being marketed as dishwasher safe, Plaintiff believes that replacement Cookware is likely to include the same Defect (and therefore be futile) since consumers are still complaining of the same Defect in recently purchased All-Clad Cookware.

68.     Because  All-Clad  fraudulently  concealed  the  Defect  from  Plaintiff  before  his

CLASS ACTION COMPLAINT

purchase, as well as after it was being used, Plaintiff did not suspect (and had no reason to suspect) that there was anything wrong with his Cookware until the Defect manifested and Plaintiff has harmed himself.

69.     Plaintiff's Cookware did not reach its useful service life before it became unreasonably dangerous, and now is unsuitable for further use or cleaning. Had Plaintiff known of the Defect, he would have either not purchased the Cookware or would have paid less than he did. Therefore, he did not receive the benefit of his bargain.

70.     On April 10, 2020, Plaintiff provided written notice to All-Clad via FedEx of its breach of warranties, violations of various statutes, and violations of various common law duties described herein. As of the date of filing this complaint, Plaintiff's counsel has not received a response from All-Clad to this notice.

## ALL-CLAD'S ACTUAL OR
## CONSTRUCTIVE KNOWLEDGE OF THE DEFECT

71.     All-Clad knew or should have known when it sold the Cookware to the public that the Cookware suffered from the Defect, and that the Defect caused the Cookware to deteriorate and become unreasonably dangerous to use during its expected useful life, represented an unreasonable risk that the Cookware would harm consumers and their property when the edges became sharp, and might result in significant personal injury and/or property damage to consumers and the public.

72.     All-Clad's knowledge of these facts is established through consumer complaints, including several years of public internet posts complaining that the Cookware failed and became harmful during normal use. Despite its knowledge, All-Clad did not remedy or eliminate the Defect in the Cookware or remove it from the stream of commerce.

CLASS ACTION COMPLAINT

73.    Instead, All-Clad replaced the defective Cookware with equally defective Cookware, improperly denied warranty claims, and often misrepresented to consumers that citrus dish pods and citrus detergents were the cause of the deterioration and sharpened edges.

74.    All-Clad's actual knowledge of the defect is evidenced by its reported responses to consumer complaints through retailers, and also its response to one complaint through https://www.saferproducts.gov, cited *infra*.

75.    While there are voluminous reports regarding general deterioration of the Cookware's metals, there are many that specifically describe thin, sharpened edges, which have led to fingers and hands being cut.  The online reports date back to purchases made as early as 2013 and continue through at least 2018, indicating that All-Clad has likely known about the Defect for close to a decade and have failed to remedy the Defect, recall the products, or provide appropriate warnings regarding the Defect.

76.    All-Clad's reported responses to customer complaints, as included *infra*, demonstrate that not only is All-Clad aware of the dangerous and potentially harmful defect, it attempts to actively conceal the dangerous defect from consumers and otherwise fails to honor its Warranty.

77.    Customer complaints are available online regarding the Cookware.  A small sample of the online complaints follows.

78.    In December of 2016, a consumer with several pieces of All-Clad cookware complained of similar issues through saferproducts.gov:[19]

> I was given a gift of All Clad LTD pots and pans set. A month later the product started to change. The outside layer of the pots and pans started to warp and become very sharp. My family and I have sustained injury from using them, and we have damaged our cooktop as well. The pots have caused our hands to bleed from use. We followed all of the care instructions, we washed by hand with a gentle soap and soft cloth and use our electric cooktop, so no high heat is used. We have well water that is pure water. Once we noticed the problem with the cookware we sent an email

---

[19] https://www.saferproducts.gov/ViewIncident/1614618 (Last Accessed April 9, 2020).

CLASS ACTION COMPLAINT

to the company. They responded by saying me as the consumer must have placed them in the dishwasher, or used acid to wash the pots and pans. We also were acccused [sic] of cleaning them with drano. The company claims to have a lifetime warranty, but they will not replace my pots. They have told me for safety reasons to discard my pots because they are causing harm. Company claims they cannot do anything for me because they are not in their eyes defective. If they are not defective, why do I have to discard them.

In response to this consumer complaint, Defendant Groupe SEB USA, Inc., responded generically with:[20]

Groupe SEB USA, as the parent company of the All-Clad brand, has received this notification. We value your feedback and will give priority to investigating your concerns. If you have not contacted us already, please call 800-255-2523 or contact us through our website www.all-clad.com. Please reference your incident number of 161212-000388 so you are directed to the right representative.

79.     In May of 2017, one consumer of D3 Cookware posted a photograph of the cut on his hand along with the following:[21]

I bought this pot in November 2014 but the rim core eroded leaving the sharp edges of the inner and outer shell. So I purchased another one eight months ago in August 2016. Within a few months the same issue occurred. I picked the pot up a couple of days ago and inadvertently cut the back of my thumb on the edge. The attached photo tells the story. When first purchased the rim was perfectly level. I have a large collection of All-Clad pots but these Tri-Plys are just awful and I won't be buying any more.

80.     In response to this D3 complaint, another consumer commented that he or she had a similar experience with their D5 Cookware purchased in 2013:[22]

We've had the same thing happen to us with the D5 line. My husband and I both, worse than a paper cut because it's metal. Ours were purchased Dec 2013, so apparently it's a common issue. We had the Calphalon Tri Ply prior to buying the All

_____

20 *Id.*

21 https://www.amazon.com/gp/customer-reviews/R16Y3IESIBD08L/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B005GFYH6M (Last Accessed April 9, 2020).

22 *Id.* at Comment 1.

CLASS ACTION COMPLAINT

Clad and honestly I prefer my previous set. However, the newer set of Calphalon Tri Ply is not the quality of the original anymore. Still on a search for quality multi clad pans.

81.     Again in January of 2018, another consumer reported sharpened edges with his or her D3 Cookware, through Sur la Table's website:[23]

**DON'T purchase these. You'd be wearing bandages.**
I bought one of each size of these relatively less expensive All-Clad stainless saucepans with lids when they were offered at a special sale price. The top edges around these pans are SHARP! The upper pan edges will CUT your hands.

No matter how carefully I rinse these pans before loading into the dishwasher, invariably I find myself bleeding from inadvertently touching the top of these saucepans. Why would they make them as dangerous as knives?!

The pans are like sliced tubes of stainless steel, with handles riveted on. SHARP EDGES!!!!!!

82.     In August of 2018 another consumer noted on Amazon.com regarding her D3 Cookware: "The top edge on this pot was so sharp it cut my husband's hand when washing the first time. Dangerous."[24]

83.     Numerous other complaints relate to the deterioration of the Cookware's metals and to All-Clad's systematic failure to honor its warranty.

84.     In conjunction with All-Clad's experience designing and selling the Cookware, these facts and complaints illustrate that All-Clad knew or should have known of the defect.

---

[23] https://www.surlatable.com/pro-1451830-skillet-ss-10in-wlid/PRO-1451830.html (Last Accessed April 9, 2020).

[24] https://www.amazon.com/product-reviews/B005GFYH6M/ref=acr_dp_hist_1?ie=UTF8&filterByStar=one_star&reviewerType=all_reviews#reviews-filter-bar (Last Accessed April 9, 2020).

CLASS ACTION COMPLAINT

85.    All-Clad has a duty to disclose the defect and to not conceal the defect from Plaintiff and Class Members. All-Clad's failure to disclose, or active concealment of, the serious safety defect places Plaintiff and Class members at risk of personal injury and/or property damage.

86.    Through at least the filing date of this complaint, All-Clad is still selling the defective Cookware, concealing the defect, failing to notify consumers of the safety defect, and failing to recall the Cookware.

87.    Moreover, All-Clad continues to falsely represent through written warranties that the Cookware is free from defect, is of merchantable quality, and will perform dependably for the lifetime of the Cookware.

88.    When corresponding with customers, All-Clad does not disclose that the Cookware suffers from the Defect. As a result, reasonable consumers, including Plaintiff and Class members, purchased and used, and continue to purchase and use the Cookware and rely on the "dishwasher safe" representations, even though it is unsafe to do so.

89.    When All-Clad replaces its Cookware, it fails to disclose the known Defect and replaces the defective Cookware with equally defective Cookware. Some consumers, including the Plaintiff, have purchased different pieces over time, all of which have failed or will fail in the same manner.   Likewise, other consumers, have received replacement Cookware through All-Clad's Warranty, which have failed or will fail in the same manner.

90.    Had Plaintiff, Class Members, and the consuming public known that the Cookware was defective, posed an unreasonable risk of harm to themselves and their property, and would cause personal injury and other damage, they would not have purchased the Cookware.

91.    All-Clad has wrongfully placed on Plaintiff and Class members the burden, expense, and difficulty involved in discovering the Defect, replacing the Cookware (potentially multiple times), and paying for the cost of damages caused by the Defect.

CLASS ACTION COMPLAINT

**TOLLING AND ESTOPPEL OF STATUTE OF LIMITATIONS**

92.     All-Clad had actual knowledge for years that the Cookware contains a defect that causes the metals to deteriorate during dishwasher cycling in a way which creates a sharp, hazardous condition, and renders the Cookware too unsafe to use.

93.     Although All-Clad was aware of the dangerous Defect, it still has taken no steps to warn  Plaintiff or the Class of such Defect and the dangers the Defect would pose.

94.     At least by 2016, if not earlier, All-Clad had received numerous reports from consumers of incidents of metal deterioration, as well as thinning and sharp edges, creating dangerous conditions which have led to personal injury and other damages.

95.     All-Clad knew or should have known that the thin stainless steel cooking surface, combined with aluminum would corrode in the dishwasher with any detergent, and lead to the unreasonably dangerous condition as being reported by Plaintiff and consumers.  Even with this knowledge and reports of unreasonably dangerous conditions caused by the Defect, All-Clad failed to issue a recall, warn consumers, or take any other  affirmative steps to correct the problem in the Cookware already in the stream of commerce, nor did All-Clad take steps to alert members of the Class about the problem or change its packaging, brochures, use and care instruction, website representations, or authorized retailer descriptions and specifications.

96.     While All-Clad represents to certain consumers making warranty claims that the deterioration occurs when citrus based detergents are used during dishwashing, it failed to issue a recall, warn consumers, or take any other  affirmative steps to correct the problem in the Cookware already in the stream of commerce, nor did All-Clad take steps to alert members of the Class about the problem or change its packaging, brochures, use and care instruction, website representations, or authorized retailer descriptions and specifications.

97.     Despite its knowledge, All-Clad concealed the fact that the Cookware was defective,

even though it had a duty to disclose the Defect.

98.     All-Clad made affirmative misrepresentations to consumers during the sale of the Cookware, including that the Cookware was free of defects, was dishwasher safe, and that the Cookware would be replaced for the lifetime of the product.

99.     In fact, All-Clad's Limited Lifetime Warranty provides:[25]

> From the date of your purchase in the U.S. or Canada, All-Clad Metalcrafters, LLC ("All-Clad") warrants that any All-Clad cookware item purchased by you, the original purchaser, from All-Clad or an All-Clad authorized retailer will be free from defects in material, construction, or workmanship for the lifetime of the product under normal use and following care instructions. All-Clad will repair or replace the All-Clad cookware product in the country of purchase that is covered by this warranty.

100.    However, the Warranty fails of its essential purpose for the following reasons:

(a)     All-Clad consistently replaces the Cookware with more defective Cookware, and without remedying the actual Defect or providing adequate warnings regarding dishwashing;

(b)     Misrepresenting that the Cookware, including replacement Cookware under the Warranty, will not deteriorate into an unreasonably dangerous condition if the consumer avoids usage of citrus based dishwasher pods or detergents; and

(c)     Other ways which may be revealed during discovery or at trial.

101.    As described herein, All-Clad breached this Warranty at the time it shipped the Cookware (and at the point of sale to consumers) because the Cookware was defective when it came off of the assembly line. Thus, at the time the defective Cookware was shipped and sold to consumers, All-Clad was already in violation of the express warranty.

102.    Further, because All-Clad does not have non-defective, dishwasher safe versions of the Cookware available to replace the non-dishwasher safe Cookware, it is unable to fulfill its

---

[25] Exhibit A.

CLASS ACTION COMPLAINT

warranty obligations at the point of purchase, or anytime thereafter, and the Warranty is therefore breached immediately upon purchase.

103.    In addition, the Warranty is unconscionable as follows:

(a)    In its limitation to the first owner without transferability;

(b)    In its disclaimer of warranties;

(c)    In its exclusion of Cookware purchased from unauthorized retailers which would require consumers to perform research to confirm;

(d)    In its exclusion of certain conditions which precede the eventual deterioration leading to the thin, sharpened, and unreasonably dangerous conditions described herein; and

(e)    In its imitation of remedies, including disclaimer of consequential damages.

104.    The Warranty is further unconscionable given All-Clad's knowledge of the Defect, the existence of the Defect at the point of sale, All-Clad's failure to disclose the Defect at the time of sale, during consumers' use of the Cookware, and during warranty communications, and other reported failures to which All-Clad has or had knowledge.

105.    All-Clad made affirmative misrepresentations to Plaintiff and consumers during warranty claims and other correspondence with consumers lodging complaints, including that the problems were solely caused by the use of citrus based dish detergents in the dishwasher; their Cookware failures were anomalous; they failed to follow the use and care instructions; and in other ways to be discovered.

106.    At all times, All-Clad concealed that the Cookware and any replacements were defective.

107.    All-Clad's concealment was material to Plaintiff and Class Members' decision to purchase the Cookware, accept replacement Cookware, and continue to purchase additional

CLASS ACTION COMPLAINT

Cookware pieces.  All-Clad's concealment  was knowing, and All-Clad intended to mislead Plaintiff and Class Members into relying upon it. Accordingly, Plaintiff and Class Members relied upon All-Clad's concealment of these material facts and suffered  injury as a proximate result of that justifiable reliance.

108.    The Defect in the design and/or manufacture of the Cookware was not detectible to Plaintiff and members of the Class.

109.    All-Clad actively and intentionally concealed the existence of the Defect and failed to inform Plaintiff or Class Members of the existence of the Defect at all times, including when Class Members contacted All-Clad about the problems.  Accordingly, Plaintiff and Class Members' lack of awareness was not attributable to lack of diligence on their part.  In fact, Plaintiff and Class Members' use of the dishwasher to clean the Cookware was done pursuant to All-Clad's instructions and representations that the Cookware is dishwasher safe.

110.    All-Clad's statements, words, and acts were made for the purpose of suppressing the truth that the Cookware and replacements were defective, and to induce Plaintiff and Class Members to purchase the Cookware based on the convenience of cleaning it in the dishwasher.

111.    All-Clad concealed the defect for the purpose of delaying Plaintiff and Class Members from filing a complaint on their causes of action.

112.    As a result of All-Clad's active concealment of the Defect and/or failure to inform Plaintiff and members of the Class of the Defect, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.  Furthermore, All-Clad is estopped from relying on any statutes of limitations in light of its active concealment of the  defective nature of the Cookware.

## **CLASS ACTION ALLEGATIONS**

113.    Plaintiff brings this action individually and as a class action pursuant to Fed. R. Civ. P.

CLASS ACTION COMPLAINT

23(a), 23(b)(2), and 23(b)(3) on behalf of the following Class:

> All persons residing in the State of California who purchased any All-Clad Cookware from the D3, D5, and LTD Stainless Steel Collections.

114.   Plaintiff reserves the right to modify the class definition if necessary to include additional All-Clad Cookware collections or pieces with the same Defect.

115.   <u>Numerosity</u>: The members of each Class are so numerous that joinder of all members is impracticable. While the exact number of Class Members is presently unknown, it consists of thousands of people geographically disbursed throughout California. The number of Class Members can be determined by sales information and other records. Moreover, joinder of all potential Class Members is not practicable given their numbers and geographic diversity. The Class is readily identifiable from information and records in the possession of All-Clad and its authorized retailers.

116.   <u>Commonality</u>: Common questions of law and fact exist as to all members of the Class. These questions predominate over questions that may affect only individual Class Members because All-Clad has acted on grounds generally applicable to the Class.  Such common legal or factual questions include, *inter alia*:

    (a)   Whether the Cookware is defective;

    (b)   Whether the Cookware is defectively designed and/or manufactured;

    (c)   Whether the Cookware is dishwasher safe;

    (d)   Whether All-Clad knew or reasonably should have known about the Defect prior to distributing the Cookware to Plaintiff and the Class;

    (e)   Whether All-Clad knew or reasonably should have known the Cookware was not dishwasher safe when it packaged, marketed, advertised, specified, and otherwise represented it was;

    (f)   Whether All-Clad concealed from and/or failed to disclose to Plaintiff and the Class the problems with the Cookware;

    (g)   Whether All-Clad knew or reasonably should have known about the Defect after distributing the Cookware to Plaintiff and the Class;

    (h)   Whether All-Clad knew or reasonably should have known the Cookware was not

dishwasher safe after distributing the Cookware to Plaintiff and the Class;

(i)   Whether All-Clad breached express warranties relating to the Cookware;

(j)   Whether All-Clad breached the implied warranty of merchantability and the Song-Beverly Consumer Warranty Act, relating to the Cookware;

(k)   Whether All-Clad's Warranty was unconscionable in any way;

(l)   Whether All-Clad engaged in unfair, unconscionable, or deceptive trade practices by selling and/or marketing defective Cookware.

(m)   Whether All-Clad violated Cal. Bus. & Prof. Code § 17500, *et seq.* (FAL);

(n)   Whether All-Clad violated Civil Code §§ 1750, *et seq.* (CLRA);

(o)   Whether All-Clad violated Cal. Bus. & Prof. Code §§ 17200, *et seq.* (UCL);

(p)   Whether All-Clad was negligent in its failure to adequately test;

(q)   Whether All-Clad was negligent in its failure to warn;

(r)   Whether All-Clad is strictly liable for its defective design and/or manufacture of the Cookware;

(s)   Whether Plaintiff and the Class are entitled to damages, including compensatory, exemplary, and statutory damages, and the amount of such damages;

(t)   Whether All-Clad should be enjoined from selling and marketing its defective Cookware; and

(u)   Other issues which may be revealed in discovery.

117.   <u>Typicality</u>:  Plaintiff's claims are typical of the members of the Class as all members of the Class are similarly affected by the same Defect and All-Clad's actionable conduct. Plaintiff and all members of the Class purchased the Cookware with a Defect that makes the Cookware inherently dangerous and not suitable for safely cooking or cleaning as represented. In addition, All-Clad's conduct that gave rise to the claims of Plaintiff and members of the Class (*i.e.* designing and manufacturing defective Cookware, delivering defective Cookware, concealing the Defect, and breaching warranties, statutory, and other duties respecting the Cookware) is the same for all members of the Class.

118.   <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately protect the interests of

CLASS ACTION COMPLAINT

the Class because he has no interests antagonistic to, or in conflict with, the Class that Plaintiff seeks to represent. Furthermore, Plaintiff has retained counsel who are experienced and competent in the prosecution of complex class action litigation.

119. <u>Injunctive/Declaratory Relief</u>: The elements of Rule 23(b)(2) are met. Defendants will continue to commit the unlawful practices alleged herein, and Class Members will remain at an unreasonable and serious safety risk as a result of the Defect. Defendants have acted and refused to act on grounds that apply generally to the Class, such that final injunctive relief and corresponding declaratory relief is appropriate respecting the Class as a whole.

120. <u>Predominance</u>: The elements of Rule 23(b)(3) are met. The common questions of law and fact enumerated above predominate over the questions affecting only individual Class Members, and a class action is the superior method for the fair and efficient adjudication of this controversy. The likelihood that individual Class Members will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. Serial adjudication in numerous venues is not efficient, timely, or proper. Judicial resources will be unnecessarily depleted by resolution of individual claims. Joinder on an individual basis of hundreds or thousands of claimants in one suit would be impractical or impossible. Individualized rulings and judgments could result in inconsistent relief for those similarly situated to the Plaintiff.

121. Plaintiff knows of no difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action.

122. All-Clad has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**FIRST CLAIM FOR RELIEF**

CLASS ACTION COMPLAINT

**Breach of Express Warranty Statute,**
**Cal. Com. Code §§ 2313*, et seq.***
**(Plaintiff Individually and on Behalf of All Others Similarly Situated)**

123.    Plaintiff hereby re-alleges and incorporates all allegations raised in the preceding paragraphs into this cause of action and claim for relief as if fully set forth herein.

124.    In connection with its sale of the Cookware, All-Clad expressly warranted in its Limited Lifetime Warranty that the Cookware would be "free from defects in material, construction, or workmanship for the lifetime of the product," and suitable for preparing food.

125.    The Warranty further states that in accordance with such warranty, "All-Clad will repair or replace the All-Clad cookware product in the country of purchase that is covered by this warranty."

126.    The defectively designed Cookware is subject to and otherwise covered by All-Clad's Warranty.

127.    Each of the Cookware models has an identical or substantially identical Warranty.

128.    Likewise, all Cookware was packaged, advertised, marketed, promoted, specified, and otherwise expressly represented to be "dishwasher safe" in brochures, use and care instructions, on All-Clad's website, in product specifications, in product titles through authorized retailers, and in other ways to be discovered.

129.    Plaintiff and the Class Members have privity of contract with All-Clad through their purchase of the Cookware, and through the express written and implied warranties that All-Clad issued to its customers. All-Clad's warranties accompanied the Cookware and were intended to benefit end-users of the Cookware. To the extent Class Members purchased the Cookware from third-party retailers, privity is not required because the Class Members are intended third-party beneficiaries of the contracts between All-Clad and third-party retailers and because the express

CLASS ACTION COMPLAINT

warranties are intended to benefit purchasers or owners subsequent to the third-party retailer; in other words, the contracts are intended to benefit the ultimate consumer or user of the Cookware.

130.    In fact, All-Clad has made its intention clear that the Warranty is for the benefit of the ultimate consumer by having it expressly apply to Cookware "purchased by you, the original purchaser, from All-Clad or an All-Clad authorized retailer…"

131.    The express written warranties covering the Cookware were a material part of the bargain between All-Clad and consumers. At the time it made these express warranties, All-Clad knew of the purpose for which the Cookware was to be used and that it would be cleaned by consumers in their dishwashers.

132.    All-Clad breached its express warranties by selling Cookware that was, in actuality, not free of defects, not made for years of dependable use, not made from merchantable material and workmanship, was unsafe for use, was unsafe for dishwasher use, and could not be used for the ordinary purpose of heating food and dishwasher cleaning thereafter.  All-Clad breached its express written warranties to Plaintiff and Class Members in that the Cookware is defective at the time it leaves the manufacturing plant, and on the first day of purchase, creating a serious safety risk to Plaintiff and Class Members.

133.    Cookware that the Plaintiff and Class Members purchased contained the Defect that caused each of them damages including loss of the product, loss of the benefit of their bargain, personal injury, and property damage.

134.    All-Clad was directly notified by consumers of its breach of the express warranty after the Cookware failed to perform as warranted due to the Defect and when it became unreasonably dangerous.

CLASS ACTION COMPLAINT

135.    Moreover, All-Clad was put on constructive notice about its breach through its review of consumer complaints and other reports described herein, and, upon information and belief, through product testing, especially given its touted expertise in metallurgy and metal bonding.

136.    All-Clad breached its express warranty to adequately repair or replace the Cookware, or provide adequate use and care instructions and safety warnings, despite its knowledge of the Defect, and/or despite its knowledge of alternative designs, materials, and/or options for constructing the Cookware and proper care and usage.

137.    To the extent that All-Clad offered to replace the defective Cookware, the Warranty fails in its essential purpose given it is insufficient to make Plaintiff and Class Members whole because the warranty covering the Cookware provides for replacement by more defective Cookware without adequate care and use instructions or warnings. Thus, the replacement Cookware subjects the consumers to the same safety risks, and the same or similar damages occur to the replacement Cookware, the consumers' person, and personal property.

138.    Further, the Warranty fails of its essential purpose and is otherwise unconscionable in the manners described in paragraphs 100-105.

139.    Likewise, many of the damages resulting from the defective Cookware cannot be resolved through the limited remedy of replacement, as incidental and consequential damages have already been suffered due to All-Clad's conduct as alleged herein.

140.    Accordingly, recovery by Plaintiff and Class Members is not limited to the limited warranty of replacement, and they seek all remedies allowed by law.

141.    Upon information and belief, All-Clad received further notice and has been on notice of the defective nature of the Cookware and of its breaches of warranties through customer warranty claims reporting problems with the Cookware, consumer complaints from various sources, and its own internal and external testing.

CLASS ACTION COMPLAINT

142.     Despite having notice and knowledge of the defective nature of the Cookware, All-Clad failed to provide any relief to Plaintiff and Class Members, failed to recall the Cookware, failed to correct its "dishwasher safe" warranty, failed to disclose the Defect to consumers who contacted it in connection with a warranty claim, misrepresented that the unreasonably dangerous condition could be prevented by utilizing dishwasher detergents that were not citrus based, and in other ways to be discovered.

143.     Had Plaintiff, Class Members, and the consuming public known that the Cookware was defective, was not dishwasher safe, posed an unreasonable risk of harm to themselves and their property, would cause damage, or that All-Clad would not properly honor its warranty or would replace the defective Cookware with more defective, non-dishwasher safe Cookware, they would not have purchased the Cookware or would have paid substantially less for it.

As a direct and proximate result of All-Clad's breach of its express written warranties, Plaintiff and Class members did not receive the benefit of the bargain and suffered damages at the point of sale stemming from their overpayment for the defective Cookware, in addition to loss of the product and its intended benefits.

**SECOND CLAIM FOR RELIEF**
**Breach of Implied Warranties and**
**Song-Beverly Consumer Warranty Act California Civil Code § 1790, *et seq.***
**(Plaintiff Individually and on Behalf of All Others Similarly Situated)**

144.     Plaintiff hereby re-alleges and incorporates all allegations raised in the preceding paragraphs into this cause of action and claim for relief as if fully set forth herein.

145.     Plaintiff brings this cause of action individually and on behalf of the Class.

CLASS ACTION COMPLAINT

146. All-Clad was at all relevant times the manufacturer, distributor, warrantor, and/or seller of the Cookware. All-Clad knew or had reason to know of the specific use for which the Cookware was purchased, including that the Cookware was represented to be dishwasher safe.

147. All-Clad provided Plaintiff and Class Members with implied warranties that the Cookware was merchantable and fit for the ordinary purposes for which it was sold.

148. However, the Cookware is not fit for its ordinary purpose of providing reasonably reliable and safe preparation of food followed by cleaning in the dishwasher because, *inter alia*, the Cookware contained a Defect causing it to become unreasonably dangerous, as during dishwasher use the second layer of aluminum deteriorates while the thin, sharp top layer of stainless steel protrudes from the Cookware making it too sharp for human contact, and unsuitable for its intended use. Therefore, the Cookware is not fit for its particular purpose of safe cooking and or cleaning.

149. The problems associated with the Defect such as deterioration of the aluminum away from the the thin, sharp top layer of stainless steel (cooking surface) leaving the Cookware too sharp for the human touch is a safety risk preventing the Cookware from being safely used to cook and clean, and thus constitute a breach of the implied warranty of merchantability. These problems are exacerbated by All-Clad's failure to adequately warn Plaintiff and consumers of the Defect and that the Cookware is not dishwasher safe as represented.

150. All-Clad impliedly warranted that the Cookware was of merchantable quality and fit for such use. These implied warranties included, among other things: (i) a warranty that the Cookware manufactured, supplied, distributed, and/or sold by All-Clad was safe and reliable for preparing food and was dishwasher safe; and (ii) a warranty that the Cookware would be fit for its intended use while the Cookware was being used.

151. Contrary to the applicable implied warranties, the Cookware, at the time of sale and thereafter, was not fit for its ordinary and intended purpose of providing Plaintiff and Class Members

CLASS ACTION COMPLAINT

with reliable, durable, and safe methods of preparing food and dishwashing thereafter.  Instead, the Cookware suffers from a defective design and/or manufacture, as alleged herein.

152.    All-Clad's actions, as complained of herein, breached the implied warranties that the Cookware was of merchantable quality and fit for such use in violation of Cal. Civ. Code §§ 1791.1 and 1792.

### THIRD CLAIM FOR RELIEF
### (IN THE ALTERNATIVE)
**Unjust Enrichment**
**(Plaintiff Individually and Behalf of All Others Similarly Situated)**

153.    Plaintiff hereby re-alleges and incorporates all allegations raised in the preceding paragraphs into this cause of action and claim for relief as if fully set forth herein.

154.    This alternative claim is asserted on behalf of Plaintiff and Class Members to the extent there is any determination that any warranties extended to Plaintiff and Class Members by All-Clad do not govern the subject matter of the disputes with All-Clad, or that Plaintiff does not have standing to assert such claims against All-Clad.

155.    Plaintiff and Class Members conferred a monetary benefit on All-Clad, and All-Clad had knowledge of this benefit. The prices for the Cookware paid by Plaintiff and Class Members to All-Clad was $80.00-$1600.00 or more.

156.    By its wrongful acts and omissions described herein, including selling the defective Cookware, All-Clad was unjustly enriched at the expense of Plaintiff and Class Members.

157.    Plaintiff and Class Members' detriment and All-Clad's enrichment were related to and flowed from the wrongful conduct alleged in this complaint.

158.    It would be inequitable for All-Clad to retain the profits, benefits, and other compensation obtained from its wrongful conduct as described herein in connection with selling the defective Cookware.

CLASS ACTION COMPLAINT

159.     Plaintiff and Class Members seek restitution from Defendants and an order of this Court proportionally disgorging all profits, benefits, and other compensation obtained by Defendants from their wrongful conduct and establishing a constructive trust from which Plaintiff and Class Members may seek restitution.

**FOURTH CLAIM FOR RELIEF**
**Violation of the California False Advertising Law ("FAL")**
**California Business and Professions Code §§ 17500, *et seq*.**
**(Plaintiff Individually and Behalf of All Others Similarly Situated)**

160.     Plaintiff hereby re-alleges and incorporates all allegations raised in the preceding paragraphs into this cause of action and claim for relief as if fully set forth herein.

161.     The conduct described herein took place within the State of California and constitutes deceptive or false advertising in violation of California Business and Professions Code § 17500.

162.     California Business and Professions Code § 17500 prohibits deceptive or misleading practices in connection with advertising or representations made for the purpose of inducing, or which are likely to induce, consumers to purchase products.

163.     All-Clad, when it marketed, advertised and sold the Cookware, represented to Plaintiff and Class Members that the Cookware was free of defects and dishwasher safe, despite the fact that the Cookware was defective, not dishwasher safe, and prone to failure.

164.     At the time of its misrepresentations, All-Clad was either aware that the Cookware was defective and not dishwasher safe or was aware that it lacked the information and/or knowledge required to make such a representation truthfully. All-Clad concealed and omitted and failed to disclose this information to Plaintiff and Class Members.

165.     All-Clad's descriptions of the Cookware was false, misleading, and likely to deceive Plaintiff and other reasonable consumers.

166.     All-Clad's conduct therefore constitutes deceptive or misleading advertising.

CLASS ACTION COMPLAINT

167.    Plaintiff has standing to pursue claims under the FAL as they reviewed and relied on All-Clad's packaging, advertising, product descriptions and specifications, and marketing materials regarding the Cookware, when selecting and purchasing the Cookware.

168.    In reliance on the statements made in All-Clad's advertising and marketing materials and All-Clad's omissions and concealment of material facts regarding the quality and use of the Cookware, including that it is purportedly dishwasher safe, Plaintiff and Class Members purchased the Cookware.

169.    Had All-Clad disclosed the true defective nature of the Cookware, Plaintiff and Class Members would not have purchased the Cookware or would have paid substantially less for it.

170.    As a direct and proximate result of Defendants' violations of the California Business and Professions Code as set forth above, Plaintiff and Class Members seek restitution of any monies wrongfully acquired or retained by Defendants and by means of its deceptive or misleading representations, including monies already obtained from Plaintiff and Class Members, under § 17500.

**FIFTH CLAIM FOR RELIEF**
**Violation of the California Consumer Legal Remedies Act**
**("CLRA"), Civil Code §§ 1750, *et seq.***
**(Plaintiff Individually and Behalf of All Others Similarly Situated)**

171.    Plaintiff hereby re-alleges and incorporates all allegations raised in the preceding paragraphs into this cause of action and claim for relief as if fully set forth herein.

172.    The conduct described herein took place in the State of California and constitutes unfair methods of competition or deceptive acts or practices in violation of the Consumers Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*

173.    The CLRA applies to all claims of all Class Members because the conduct which constitutes violations of the CLRA by Defendants occurred within the State of California.

174.    Plaintiff and Class Members are "consumers" as defined by Civil Code § 1761(d).

175.    All-Clad is a "person" as defined by Civil Code § 1761(c).

CLASS ACTION COMPLAINT

176.    The Cookware qualify as "goods" as defined by Civil Code § 1761(a).

177.    Plaintiff and the Class Members' purchases of the Cookware are "transactions" as defined by Civil Code 25 § 1761(e).

178.    As set forth below, the CLRA deems the following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which does result in the sale or lease of goods or services to any consumer as unlawful.

    (a)    "Representing that goods … have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have." Civil Code § 1770(a)(5); and

    (b)    "Representing that goods … are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." Civil Code § 1770(a)(7).

179.    All-Clad engaged in unfair competition or unfair or deceptive acts or practices in violation of Civil Code §§ 1770(a)(5) and (a)(7) when it represented, through its advertising and other express representations, that the Cookware had benefits or characteristics that it did not actually have.

180.    As detailed in the body of this Complaint, All-Clad has repeatedly engaged in conduct deemed a violation of the CLRA, and has made representations regarding the defective Cookware regarding benefits or characteristics that it did not in fact have, and represented the Cookware to be of a quality that was not true. Indeed, All-Clad concealed this information from Plaintiff and Class Members.

181.    The Cookware was not and is not "reliable," in that the products are not dishwasher safe and have a higher failure rate and fail faster than other products in the industry. As detailed above, Defendants further violated the CLRA when they falsely represented that the Cookware meets a certain standard or quality.

182.    As detailed above, All-Clad violated the CLRA when it advertised the Cookware with the intent not to sell them as advertised and knew that the Cookware was not as represented.

183.     Defendants' deceptive practices were specifically designed to induce Plaintiff and Class Members to purchase or otherwise acquire the Cookware.

184.     All-Clad engaged in uniform marketing efforts to reach Class Members, their agents, and/or third parties upon whom they relied, to persuade them to purchase and install the Cookware manufactured by All-Clad. All-Clad's packaging, brochures, use and care instructions, Warranty, website, and retailer product identification and specifications, contain numerous false and misleading statements regarding the quality, durability, and reliability of the Cookware.  These include, *inter alia*, the following misrepresentations contained on its packaging, brochures, care and use instructions, and website:

- "All-Clad Metalcrafters, LLC ("All-Clad") warrants that any All-Clad cookware item purchased by you, the original purchaser, from All-Clad or an All-Clad authorized retailer will be free from defects in material, construction, or workmanship for the lifetime of the product."

- "From date of purchase, All-Clad guarantees to repair or replace any item found defective in material, construction or workmanship under normal use and following care instructions."

- "After years of perfecting the bonding process, [Company Founder, John Ulam] established All-Clad Metalcrafters in 1971, and began producing professional quality bonded cookware for working chefs and avid home cooks. The brand flourished as early adopters realized *the cookware's extraordinary properties and exemplary cooking performance*." [Emphasis Added].

- "Handcrafted by artisans in the heart of American steel country, our roots in metallurgy led to the world's first bonded cookware and secured All-Clad's place as the choice of professional chefs and passionate home cooks. Designed to deliver consistently exceptional culinary results, All-Clad's unparalleled level of durable craftsmanship and performance is guaranteed to last a lifetime."

- "**Care and Use:**  CLEANING: Dishwasher Safe."

- "The 'Stainless Steel' collection is completely dishwasher-safe. It is recommended that before you use your Stainless Steel All-Clad you wash it in the dishwasher first to remove any manufacturing residues and this will help to keep it shiny."

- "[]**All-Clad's d5 Brushed Stainless Steel Collection:** Dishwasher safe"

38

CLASS ACTION COMPLAINT

- "Made in the USA, D3 Stainless cookware offers warp-resistant strength and dishwasher-safe convenience, plus it can be used on any cooktop, including induction."

185.    All-Clad further touts that its stainless steel cookware is "Convenient" because it is "Dishwasher safe and made with quality materials for a lifetime of beauty and performance."[26]

186.    Despite these representations, All-Clad also omitted and concealed information and material facts from Plaintiff and Class Members.

187.    In their purchase of the Cookware, Plaintiff and Class Members relied on All-Clad's representations and omissions of material facts.

188.    These business practices are misleading and/or likely to mislead consumers and should be enjoined.

189.    On April 10, 2020, Plaintiff provided written notice to All-Clad via FedEx of its violations of the Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1770, *et seq.* Plaintiff has not yet received a response.

190.    Plaintiff's declaration stating facts showing that venue in this District is proper pursuant to Cal. Civ. Code § 1780(c) is attached hereto as Exhibit B.

191.    In accordance with Civil Code § 1780(a), Plaintiff and the other Class Members seek injunctive and equitable relief for All-Clad's violations of the CLRA, including an injunction to enjoin All-Clad from continuing its deceptive advertising and sales practices.

192.    Pursuant to California Civil Code § 1780(a)(1)-(5) and § 1780(e), Plaintiff seeks an order enjoining All-Clad from the unlawful practices described above and a declaration that All-Clad's conduct violates the Consumers Legal Remedies Act. Plaintiff and the other Class Members

---

[26] https://www.all-clad.com/c/D5-Stainless-3-Qt-Essential-Pan-/p/8701005595 (last accessed April 13, 2020).

CLASS ACTION COMPLAINT

1  seek actual damages; an order enjoining the methods, acts and practices, punitive damages, attorneys'

2  fees and costs, and other relief the Court deems proper under the CLRA.

3

4                                       **SIXTH CLAIM OF ACTION**
                                Violations of The California Unfair Competition Law
5                             ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*
                            (Plaintiff Individually and Behalf of All Others Similarly Situated)
6

7        193.    Plaintiff hereby re-alleges and incorporates all allegations raised in the preceding

8  paragraphs into this cause of action and claim for relief as if fully set forth herein.

9        194.    All-Clad is a "person" as defined by Cal. Bus. & Prof. Code § 17201.

10       195.    Plaintiff and Class Members who purchased All-Clad's Cookware suffered a

11  substantial injury by virtue of buying defective Cookware in which All-Clad misrepresented and/or

12  omitted the Cookware's true quality, reliability, safety, and use. Had Plaintiff and Class Members

13  known that Defendants materially misrepresented the Cookware and/or omitted material

14  information regarding its defective Cookware and its dishwasher safety, which leads to thin, sharp

15  edges that are too sharp to the human touch, they would not have purchased the Cookware.

16

17       196.    All-Clad's conduct, as alleged herein, violates the laws and public policies of California

18  and the federal government, as set out in the preceding paragraphs of this complaint.

19       197.    There is no benefit to consumers or competition by allowing All-Clad to deceptively

20  label, market, and advertise its Products.

21       198.    Plaintiff and Class Members who purchased All-Clad's Products had no way of

22  reasonably knowing that the Cookware was deceptively packaged, marketed, advertised, and labeled,

23  was defective, not dishwasher safe, and likely to lead to the deterioration of the Cookware's

24  aluminum, leaving the top, razor thin stainless steel layer protruding from the aluminum, and making

25

26  the Cookware too sharp for human contact, and unsuitable for its intended use. Thus, Plaintiff and

27  Class Members could not have reasonably avoided the harm they suffered.

28

199.    The gravity of the harm suffered by Plaintiff and Class Members who purchased Defendants' Cookware outweighs any legitimate justification, motive or reason for packaging, marketing, advertising, and labeling the defective Cookware in a deceptive and misleading manner. Accordingly, All-Clad's actions are immoral, unethical, unscrupulous and offend the established public policies as set out in federal regulations and are substantially injurious to Plaintiff and Class Members.

200.    The above acts of All-Clad in disseminating said misleading and deceptive statements to consumers throughout the State of California, including to Plaintiff and Class Members, were and are likely to deceive reasonable consumers by obfuscating the true defective nature of All-Clad's Cookware, and thus were violations of Cal. Bus. & Prof. Code §§ 17500, *et seq.*

201.    As a result of All-Clad's above unlawful, unfair and fraudulent acts and practices, Plaintiff, on behalf of himself and all others similarly situated, and as appropriate, on behalf of the general public, seeks injunctive relief prohibiting All-Clad from continuing these wrongful practices, and such other equitable relief, including full restitution of all improper revenues and ill-gotten profits derived from All-Clad's wrongful conduct to the fullest extent permitted by law.   Mislabeled Cookware cannot legally be manufactured, held, advertised, distributed, or sold. Thus, mislabeled Cookware has no economic value and is worthless as a matter of law, and purchasers of mislabeled Cookware are entitled to a restitution refund of the purchase price of the mislabeled Cookware.

### SEVENTH CLAIM OF ACTION
**Negligence – Failure to Test**
**(Plaintiff Individually and Behalf of All Others Similarly Situated)**

202.    Plaintiff hereby re-alleges and incorporates all allegations raised in the preceding paragraphs into this cause of action and claim for relief as if fully set forth herein.

CLASS ACTION COMPLAINT

203.    All-Clad failed to perform adequate testing of the Cookware, including testing of dishwasher use, which was defectively designed, constructed, tested, manufactured, inspected, distributed, labeled, marketed, advertised, and/or sold to Plaintiff and the Class.

204.    If All-Clad had performed adequate testing, it would have revealed the serious deficiencies within All-Clad's Cookware, including that dishwasher cleaning would lead to the unreasonably dangerous conditions described herein.

205.    At all relevant times, All-Clad had, and continues to have, a duty to exercise reasonable care to properly design—including the duty to test—its Cookware prior to placing it in the stream of commerce.

206.    All-Clad breached its duty by failing to exercise ordinary care in the design and testing of its Cookware, which it introduced into the stream of commerce, because All-Clad knew or reasonably should have known that its Cookware and dishwasher cleaning could cause – and does cause – deterioration of the metals such that the top, razor thin layer protrudes from the Cookware, leaving it too sharp to the human touch.

207.    All-Clad knew or reasonably should have known that Class Members, including Plaintiff, would suffer economic damages or injury and/or be at an increased risk of suffering damage and injury, as a result of All-Clad's failure to exercise ordinary care in the design and manufacturing of its Cookware by failing to conduct appropriate testing.

208.    As a result of Defendants' above-described conduct, Plaintiff and the Class experienced and/or are at risk of experiencing financial damage and injury.

209.    As a direct and proximate result of Defendants' failure to test the Cookware that it designed, constructed, manufactured, inspected, distributed, marketed, advertised, warranted, and/or sold, Plaintiff and Class Members have suffered damages, as described above.

CLASS ACTION COMPLAINT

**EIGHTH CLAIM OF ACTION**
**Negligence – Failure to Warn**
**(Plaintiff Individually and Behalf of All Others Similarly Situated)**

210.   Plaintiff hereby re-alleges and incorporates all allegations raised in the preceding paragraphs into this cause of action and claim for relief as if fully set forth herein.

211.   At all relevant times, All-Clad was responsible for designing, constructing, testing, manufacturing, inspecting, distributing, labeling, marketing, advertising, and/or selling its Products to Plaintiff and the Class.

212.   At all relevant times, it was reasonably foreseeable by All-Clad that the use and dishwasher cleaning of its Cookware in its intended manner, involved a substantial risk of deteriorating metals leading to the razor thin to layer to protrude from the Cookware, leaving it too sharp to the human touch, and unreasonably dangerous to Plaintiff and the Class as the ultimate users of the Cookware.

213.   At all relevant times, All-Clad knew or had reason to know of the risk of the deterioration of the metals through dishwasher use and the resultant harm that the Cookware posed to Plaintiff and Class Members, as the Defect within the Cookware existed at the time of its design, construction, manufacture, inspection, distribution, labeling, marketing, advertising, and/or sale, as described herein.

214.   All-Clad, as the designer, manufacturer, tester, distributor, marketer, advertiser, and/or seller of the Cookware, had a duty to warn Plaintiff and the Class of all dangers associated with the intended use of its Products.

215.   At minimum, the duty arose for All-Clad to warn consumers that use of its Cookware and subsequent dishwasher cleaning, could result in razor thin edges protruding from the top of the Cookware, and become unreasonably dangerous, after it received numerous complaints of metal deterioration, thin and sharp edges, and personal injury, from the use of All-Clad's Cookware.

CLASS ACTION COMPLAINT

216.    All-Clad was negligent and breached its duty of care by negligently failing to provide adequate warnings to purchasers and users of the Cookware, including Plaintiff and the Class, regarding the Defect, unsafe dishwasher conditions, risks, and potential dangers of the Cookware.

217.    All-Clad was negligent and breached its duty of care by negligently blaming other risk factors for the Cookware deterioration, including blaming the use of citrus based dishwasher detergents and preventability by discontinuing the use of those detergents, and otherwise concealing and failing to warn purchasers and users of the Cookware, including Plaintiff and the Class, about the risks, potential dangers and defective condition of the Products.

218.    All-Clad knew, or through the exercise of reasonable care, should have known of the inherent Defect and resulting dangers associated with using the Products as described herein, and knew that Plaintiff and Class Members could not reasonably be aware of those risks. Defendants failed to exercise reasonable care in providing Plaintiff and the Class with adequate warnings.

219.    As a direct and proximate result of All-Clad's failure to adequately warn consumers that the use of its Cookware, including dishwasher cleaning, could cause and has caused injuries and other damages, Plaintiff and the Class have suffered damages, as described herein.

## NINTH CLAIM OF ACTION
### Strict Products Liability – Defective Design & Manufacture
### (Plaintiff Individually and on Behalf of All Others Similarly Situated)

220.    Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

221.    The Cookware was designed, manufactured, marketed, promoted, sold, and introduced into the stream of commerce by All-Clad.

222.    When it left the control of All-Clad, the Cookware was expected to and did reach Plaintiff and Class Members without substantial change from the condition in which it left All-Clad's control.

CLASS ACTION COMPLAINT

223.    The Cookware was defective when it left All-Clad's control and was placed in the stream of commerce, in that there were foreseeable defects in the design and/or manufacture of the product, as well as use and care warnings.

224.    Combined with the use and care instructions and the lack of appropriate warnings, the Cookware was in an unreasonably dangerous condition at the time it left All-Clad's control and was placed in the stream of commerce, and at the time it was purchased by Plaintiff and Class Members.

225.    The Cookware was unfit for its intended use, and was sold in a defective condition that caused it to become unreasonably dangerous, as during dishwasher use the second layer of aluminum deteriorates away from the top, razor thin layer of stainless steel, making the Cookware too sharp for human contact, and unsuitable for its intended use.

226.    Plaintiff and the Class Members used the Cookware in substantially the same condition it was in when it left the control of All-Clad and in the manner for which the Cookware was intended.

227.    Had All-Clad altered its design and manufacturing process utilizing viable alternatives described *supra*, and in other ways to be discovered, the Cookware metals would not deteriorate during regular dishwasher use, leaving the too thin stainless steel top layer to become a protruding, razor thin surface too sharp for the human touch.

228.    Better and safer methods of design and manufacturing of Cookware were available and utilized by other manufacturers in the same industry.

229.    Likewise, alternate dishwashing methods and warnings were available to reduce the likelihood of personal injury and other damage.

230.    As a direct and proximate result of All-Clad's defective design and/or manufacture of the Cookware, Plaintiff and Class Members suffered damages and economic loss as set forth herein.

CLASS ACTION COMPLAINT

231.    All-Clad is strictly liable to Plaintiff and Class Members for all damages and economic losses resulting from its defective design and/or manufacture of the Cookware.

232.    As a direct and proximate result of the foregoing, Plaintiff and the Class Members suffered, and continue to suffer, financial damage and injury, and are entitled to all damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests that this Court:

A. Certify the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Name Plaintiff as Class Representatives and their counsel as Class Counsel;

C. Award damages, including compensatory, exemplary, and statutory damages, to Plaintiff and the Class in an amount to be determined at trial;

D. Grant restitution to Plaintiff and the Class and require All-Clad to disgorge its ill-gotten gains and monies by which it was unjustly enriched;

E. Permanently enjoin All-Clad from engaging in the wrongful and unlawful conduct alleged herein;

F. Award Plaintiff and the Class their expenses and costs of suit, including reasonable attorneys' fees to the extent provided by law;

G. Award Plaintiff and the Class pre-judgment and post-judgment interest at the highest legal rate to the extent provided by law; and

H. Award such further relief, as the Court deems appropriate.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

CLASS ACTION COMPLAINT

DATED:  April 16, 2020

Respectfully submitted,

/s/ Alex Straus
Alex R. Straus (SBN 321366)
alex@gregcolemanlaw.com
**GREG COLEMAN LAW PC**
16748 McCormick Street
Los Angeles, CA  91436
T: 917-471-1894

Daniel K. Bryson*
Martha Geer*
Harper T. Segui*
**WHITFIELD BRYSON LLP**
900 W. Morgan Street
Raleigh, NC 27603
T: 919-600-5000
dan@whitfieldbryson.com
martha@whitfieldbrysonc.om
harper@whitfieldbryson.com

Rachel Soffin*
Lisa A. White*
**GREG COLEMAN LAW PC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: 865-247-0080
F: 865-522-0049
rachel@gregcolemanlaw.com
lisa@gregcolemanlaw.com

C. Douglas Maynard, Jr.*
**MAYNARD & HARRIS ATTORNEYS AT LAW, PLLC**
514 S. Stratford Road, Suite 321
Winston-Salem, NC 27103
T: 336-777-1411
F: 336-777-8882
dmaynard@maynardharris.com

*Attorneys for Plaintiff Justin Mears and the Proposed Class*

**Pro hac vice* application to follow

CLASS ACTION COMPLAINT