UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MEARS, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ALL-CLAD METALCRAFTERS, LLC, et al.,<br><br>  Defendants. | Case No. 20-cv-02662-SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS AND DENYING AS MOOT PLAINTIFFS' REQUEST FOR DISCOVERY AND SANCTIONS**<br><br>Re: Dkt. Nos. 52, 58 |

  Before the Court is a motion to stay proceedings pending a decision on transfer by the Judicial Panel on Multidistrict Litigation, filed by defendants All-Clad Metalcrafters, LLC. and Groupe SEB USA, Inc. (collectively "defendants") on January 22, 2021. Dkt. No. 52. On February 18, 2021, plaintiffs Justin Mears and Jean Greeff ("plaintiffs") and defendants filed a joint statement of discovery dispute, in which plaintiffs requested the Court to compel defendants to answer plaintiffs' discovery requests and sanction defendants. Dkt. No. 58. A hearing on defendants' motion to stay is scheduled for March 5, 2021.

  Pursuant to Civil Local Rule 7-1(b), the Court Determines that the matters are appropriate for resolution without oral argument and **VACATES** the March 5, 2021 hearing. For the reasons set forth below, the Court **GRANTS** defendants' motion to stay proceedings pending a final decision on transfer by the Judicial Panel on Multidistrict Litigation and **DENIES AS MOOT** plaintiffs' request for discovery and sanctions.

**BACKGROUND**

  Plaintiff Justin Mears filed this action on April 16, 2020, seeking damages caused by an alleged defect in defendant All-Clad Metalcrafters' D3, D5®, and LTD Stainless Steel Collections cookware products. *See* Compl. (Dkt. No. 1) ¶ 2, 8. On December 15, 2020, a first amended

complaint ("FAC") was filed, naming Justin Mears and Jean Greeff as plaintiffs on behalf of similarly situated customers who purchased and used defendant All-Clad Metalcrafters' cookware products after defendants designed, constructed, manufactured, advertised, and sold the cookware products in California and throughout the United States. FAC (Dkt. No. 45) ¶¶ 15, 22. Plaintiffs assert causes of action for: (1) breach of express warranty, (2) breach of implied warranty and Song-Beverly Consumer Warranty Act, (3) unjust enrichment, (4) violation of the California False Advertising Law, (5) violation of the California Consumer Legal Remedies Act, (6) violation of the California Unfair Competition Law, (7) negligence for failure to perform adequate testing of products, (8) negligence for failure to warn of defect, and (9) strict products liability. *Id.* ¶¶ 130–242.

This case is one of four cases filed against defendants by plaintiffs' counsel.[1] Ferguson Decl. Defs. Mot. To Stay (Dkt. No. 52-2) ¶¶ 2-5. On January 22, 2021, defendants concurrently filed a motion for transfer and consolidation of the four cases with the Judicial Panel on Multidistrict Litigation ("JPML") and a motion to stay proceedings in this case with the Court. *Id.* ¶ 10. A hearing on defendants' motion for transfer with the JPML is scheduled for March 25, 2021. Dkt. No. 58 at 3. On February 4, 2021, plaintiffs filed an opposition to defendants' motion to stay. Dkt. No. 55. On February 16, 2021, defendants filed a reply. Dkt. No. 57.

On February 18, 2021, the parties filed a joint statement of discovery dispute and plaintiffs' request for sanctions ("statement"). Dkt. No 58. In the statement, plaintiffs requested the Court to compel defendants to respond to plaintiffs' first set of discovery requests[2] and sanction defendants for defendants' failure to respond to respond to plaintiffs' discovery requests and file an answer to

---

[1] Plaintiff's counsel filed similar class action lawsuits against defendants on November 11, 2020 (in the District of Massachusetts), December 22, 2020 (in the Southern District of Florida), and on January 7, 2021 (in the Northern District of Georgia). Dkt. No. 52 at 1.

[2] On August 10, 2020, the Court ordered the following discovery deadlines (Dkt. No. 37):
NON-EXPERT DISCOVERY CUTOFF: April 15, 2021
DESIGNATION OF EXPERTS: May 3, 2021; REBUTTAL: June 24, 2021;
Parties SHALL conform to Rule 26(a)(2).
EXPERT DISCOVERY CUTOFF: September 6, 2021

2

the FAC.[3]  Dkt. No. 58 at 2.

## LEGAL STANDARD

The Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). When determining whether a stay is warranted pending a potential transfer by the JPML, courts consider "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Couture v. Hoffman-La Roche, Inc.*, No. 12-2657-PJH, 2012 WL 3042994, at *2 (N.D. Cal. July 25, 2012) (internal citation and quotation marks omitted). "[D]eference to the MDL court for resolution of a motion to remand often provides 'the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.'" *Id.* (quoting *Nielsen v. Merck & Co.*, 2007 WL 806510, at *1 (N.D. Cal. Mar. 15, 2007)).

## DISCUSSION

The relevant factors weigh in favor of a stay.  First, plaintiffs are not likely to be prejudiced by a brief stay of this matter because defendants' motion to transfer with the JPML will likely be resolved by April.  *See* Dkt. No. 58 at 3 ("the Parties will receive an Order from the JPML . . . at least another 6-7 weeks [after filing date]."); *see Lauachus et al. v. Mckesson Corp. et al.,* 17-cv-1286-SI, 2017 WL 11316884 at *1-2 (N.D. Cal. April 10, 2017) (finding no prejudice to plaintiffs where MDL transfer motion likely resolved eight weeks after date of order); *Barnes et al. v. McKesson Corp. et al.,* 13-cv-3047-SI, 2013 WL 12218462 at *1 (N.D. Cal. Aug. 16, 2017) (finding no prejudice to plaintiffs "because JMPL's final decision on transfer is likely to be issued shortly.") Second, if this case is not stayed, defendants would face the hardship of litigating parallel motions on the same issues, which risks inconsistent rulings of law and fact in four different jurisdictions.

---

[3] On January 20, 2021, the Court extended defendants' time to answer, move, or otherwise respond to the FAC.  Dkt. No. 51.

3

Finally, the Court finds a stay is in the interest of judicial economy because if the case is transferred, the MDL court can uniformly address pretrial issues. *See Couture,* 2012 WL 3042994, at *2.

Given that the Court finds a stay in this case is appropriate, the Court DENIES as moot plaintiffs' request for discovery and sanctions. Plaintiffs' request is denied without prejudice.

## CONCLUSION

For the foregoing reasons, defendants' motion to stay is **GRANTED** and plaintiffs' request for discovery and sanctions is **DENIED AS MOOT** and without prejudice. The parties are hereby **ORDERED** to provide the Court with a written update within ten (10) days of the Judicial Panel of Multidistrict Litigation's decision of transfer.

**IT IS SO ORDERED**.

Dated: February 23, 2021

_____
SUSAN ILLSTON
United States District Judge